UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK CAMPBELL, ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-1485 |
| NORTH SUPPLY CO., ET AL. | SECTION: "A" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Cross-Claim of Embarq Logistics, Inc.** (**Rec. Doc. 37**) filed by defendant Hi-Tech Electric, Inc. ("Hi-Tech"). Defendant, Embarq Logistics, Inc. ("Embarq") opposes the motion. The motion, set for hearing on October 31, 2007, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.     BACKGROUND**

The instant matter arises out of injuries allegedly sustained by Mark Campbell while he was working at a BellSouth facility in New Orleans, Louisiana, in early 2006. Mr. Campbell alleges that his injuries were the result of an improperly installed Cross-Box at the facility.

Plaintiffs, Mark and Crystal Susan Campbell, filed suit against Bell South, Embarq (a contractor retained by Bell South), and Hi-Tech (a subcontractor retained by Embarq to perform work at the BellSouth facility). The Court's June 13, 2007 Scheduling Order dictates that

amendments to pleadings, third-party actions, cross-claims, and counter-claims shall be filed no later than July 27, 2007. (Rec. Doc. 19).

On August 31, 2007, Bell South was granted leave to file a cross-claim against Embarq, in which Bell South alleged that Embarq was contractually obligated to defend and indemnify Bell South in this litigation. (Mem. in Opp. p. 2.) Embarq filed its Answer to BellSouth's cross-claim on September 24, 2007, and filed a cross-claim against Hi-Tech in the same document. (Rec Doc. 34). Embarq did not request leave of Court before filing this cross-claim. In the cross-claim, "Embarq asserts that it is entitled to full indemnity from Hi-Tech due to Hi-Tech's implied and/or tort indemnity obligations to Embarq, for the full amount of any judgment, defense costs and /or attorney fees that are assessed against Embarq as a result of plaintiff's main demand and/or BellSouth's Cross-Claim." (Mem. in Opp. p. 2.)

## II.     DISCUSSION

Hi-Tech moves to dismiss the cross-claim of Embarq on the grounds that the cross claim was filed after the last date for filing such pleadings. (Hi-Tech Motion.) Hi-Tech submits that all parties participated in the scheduling conference held on June 13, 2007, which established July 27, 2007 as the deadline for filing cross-claims. (Mem. in Supp. p. 1.) Because the cross claim was filed after July 27, 2007, Hi-Tech asserts that the cross-claim should be dismissed. (*Id.* at p. 2.) Additionally, Hi-Tech claims that Louisiana law does not allow indemnification in tort under the circumstances presented in this case. (*Id.* at p. 1-2.)

Embarq opposes the motion. Embarq contends that its cross-claim against Hi-Tech was properly filed and is supported by Louisiana law. (Mem. in Opp. p. 1.)

The Court is not persuaded by Hi-Tech's arguments for dismissal and finds that Embarq's cross-claim was properly filed. As an initial matter, the Court finds that the cross-claim was necessitated by and filed in response to BellSouth's cross-claim, as Embarq's cross-claim essentially argues that if it is liable to BellSouth, then Hi-Tech is liable to Embarq under a theory of implied or tort indemnity. Furthermore, the Court recognizes that the lawsuit is in the early stages of discovery. As such, this cross-claim will not delay trial of this matter or prejudice the parties. Finally, the underlying policies of Federal Rule of Civil Procedure 13(g) are achieved by allowing the cross-claim.

The Court need not address Hi-Tech's argument that the cross-claim is not supported by Louisiana law, as Hi-Tech did not brief the Court on this issue or provide any justification beyond the one-sentence statement that "Louisiana law does not allow indemnification in tort under the circumstances of this case."

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Cross-Claim of Embarq Logistics, Inc. (Rec. Doc. 34)** filed by defendant Hi-Tech Electric, Inc. is **DENIED.**

November 30, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE